UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23493-CIV-LENARD/GARBER

DIANA JOYNES,

    Plaintiff,

v.

NCL AMERICA, INC., a Delaware
corporation; and NCL (Bahamas)
Ltd., a foreign corporation,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference the Court has received plaintiff Diana Joynes's Motion to Compel Production of Crew Member Contact Information [DE 44], defendant NCL America, Inc.'s Response in Opposition [DE 54], and the Reply [DE 58]. After due consideration, Defendant's motion is GRANTED in part and DENIED in part.

This case involves a slip and fall accident on a cruise ship in which Joynes alleges that a cabin door swung open and knocked her down, causing injuries leading to the amputation of her right leg below the knee. Joynes further alleges that various crew members told her that they were aware of prior similar incidents. Defendants have not admitted to having this knowledge. Joynes served discovery requests that basically sought information that could be used to contact both current and former crew members who might have knowledge regarding similar incidents. NCL America objected to the requests with various standard objections. After several conferences and correspondence on the matter, defendant produced a list of crew members, but did not include their

contact information. After further communications between the parties, an agreement was reached regarding production of certain contact information, however, no additional information has been produced. Joynes is moving to compel the contact information of certain former and current crew members and for sanctions.

In its papers, NCL America contends that 1) the Florida Rules of Professional Conduct prohibit the type of *ex parte* communications with current employees that Joynes seeks to have, and 2) *ex parte* communications with former employees should be limited. The Court agrees with Plaintiff that communications with current employees would potentially uncover only prejudicial facts from low level employees, a situation which is not protected under the Florida Rules of Professional Conduct. *See HBA Management v. Estate of Schwartz*, 693 So.2dc 541 (Fla. 1997); FLA. RULES OF PROF'L CONDUCT R. 4-4.2 cmt.

However, in order to ensure ethical safeguards, Plaintiff's counsel shall adhere to the following guidelines: 1) Plaintiff's counsel shall identify themselves as attorneys and state the purpose of the contact; 2) Plaintiff's counsel shall inform the employee that the interview is not mandatory and that he or she may choose not to participate, or can opt to participate in the presence of personal counsel or counsel provided by NCL America; 3) Plaintiff's counsel shall immediately terminate the interview at the request of the employee; 4) Plaintiff's counsel shall preserve notes about the contact, including the date, time, length, and any statements or evidence gathered; 5) Plaintiff's counsel shall not interview any employee identified as managerial; 6) Plaintiff's counsel shall advise the employee to avoid disclosure of privileged material; and 7) any information or other evidence obtained during the course of *ex parte* interviews may not later be used by the Plaintiff against Defendants as binding admissions on behalf of the company for the purposes of Rule 801(d)(2) of the Federal Rules of

Evidence. *See NAACP, et al. v. Fla. Dept. of Corrections, et al.*, 122 F. Supp. 2d 1335, 1343-44 (M.D. Fla.,2000).

The Court finds that production of the former crew member contact information is appropriate and that Plaintiff shall adhere to the same guidelines as above. *See Id.*; *HBA Management*, 693 So.2d at 546. Accordingly it is hereby

ORDERED that Diana Joynes's Motion to Compel Production of Crew Member Contact Information is GRANTED in part and DENIED in part. NCL America shall produce the requested contact information within seven (7) days from the date of this Order. Plaintiff's request for sanctions is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 7th day of January 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE